ANNA R. WALN et al.

*v.*

MARY R. WALN et al.

[Decided November 13th, 1914.]

1. The testator devised his homestead farm comprising two hundred and ninety-three acres to his wife, who predeceased him, and five daughters, who survived him, in the following words: "I give and bequeath to my wife and my daughters [naming them] all of my above mentioned real estate, share and share alike, with full power to sell and convey the same with the right to make good and sufficient title." In a suit brought by two of the daughters against the other three and the husband of a married one, for the partition of said farm, the defendants filed a joint and several plea to the whole bill setting up as a bar to the suit the following clause in the will: "I do order and direct that the homestead property be not sold so long as my wife or my daughters require or need the same for a home." The plea expressly alleged that the defendant daughters "do require and need the said homestead property * * * for a home," and claimed that by virtue of this clause the court is without jurisdiction to entertain the bill or to cause a partition to be made.—*Held, first,* that whether or not the clause of the will set forth in the plea is a mere nugatory direction, undertaking to impose a limitation upon the absolute ownership of property repugnant to the devise of the same property in fee, may remain undecided inasmuch as the whole will has not been submitted to the court, nor have all the facts and circumstances been exhibited which surrounded the testator when he made his will; and, *secondly,* that if the clause set up in the plea is

to be construed in all respects in accordance with the argument on behalf of the defendants, the plea is bad because it merely alleges that three out of the five daughters "require and need the said homestead property * * * for a home," and therefore an order will be made overruling the plea.

2. Upon the argument of the plea under the rule of pleading, *omnis presumptio contra proferentem*, the clauses are to be presumed to come in the will in the order least advantageous to the purposes of the plea.

3. If there are any circumstances which surrounded the testator when he made his will—such as the ages of his children, their places of residence, the use of the so-called homestead farm as a joint residence, &c., the same unfavorable presumption infects the defendants' case on their plea. The bill sets forth a clear case for partition. The plea must exhibit a case in which the court must construe the will in such a way as to deny the complainants their right to a partition when their bill was filed.

On plea.

*Mr. Charles Mecum,* for the complainants.

*Mr. Barton B. Hutchinson,* for the defendants.

STEVENSON, V. C.

1. This is a suit for the partition of a tract of two hundred and ninety-three acres originally constituting a homestead farm of John R. Waln, deceased. The complainants are two of the daughters of the decedent, and the defendants are the three remaining daughters and children, together with the husband of one of the daughters—the only one who is married.

The title of all the parties is under the will of the decedent, John R. Waln, which, as is alleged in the bill, provides as follows:

"I give and bequeath to my wife Martha Ann Waln and my daughters Mary R. Waln, Emma C., Anna R., Sarah and Maria K. all of my above mentioned real estate, share and share alike, with full power to sell and convey the same with the right to make good and sufficient title."

The bill further alleges that the will was made "on or about the 24th day of March, 1894;" that the testator's wife, Martha Ann Waln, died on October 9th, 1895, and the testator died on August 13th, 1896, and that the will was proved on September 17th, 1896.

The defendants file a joint and several plea in which they set up "for plea to the whole of said bill" that

"in and by the last will and testament of the said John R. Waln,, deceased, it was provided in addition to and otherwise than as set forth in the said bill of complaint as follows: 'I do order and direct that the homestead property be not sold so long as my wife or my daughters require or need the same for a home;' and that these defendants Mary R. Waln, Sarah Waln and Maria K. Wolle do require and need the said homestead property which is the same property described in the complainants' bill for a home, and that by virtue of this provision in said last will and testament" the court of chancery has no jurisdiction "to entertain the bill of complaint filed in this cause, or to cause partition to be made of the lands and premises mentioned in the said bill of complaint."

The allegations from the pleadings above set forth constitute all the facts which are before the court for the determination of this case. It will be observed that the plea does not deny any of the allegations of the bill, and those allegations therefore are to be taken as true. The plea merely sets up a clause in the will, which is not referred to in the bill. Under the familiar rules of pleading applicable to this case, all the allegations in the plea are to be taken as true.

It is a matter of importance to observe that the plea does not indicate in what order the clause set forth in the bill containing the general devise to the widow and the five daughters in fee, and the clause set forth in the plea directing that the homestead property be not sold for a period mentioned, come in the will. The phrase employed in the plea, "in addition to," is not sufficient to show that the clause undertaking to restrain the sale of the homestead property follows after the clause containing the general devise in fee. Under the rule of pleading, *omnis presumptio contra proferentem,* the clauses are to be presumed to come in the will in the order least advantageous to the purposes of this plea. If there are any circumstances which surrounded the testator when he made his will—any facts which he had in view—such as the ages of his children, their places of residence, the use of the so-called homestead farm as a joint residence, &c., the same unfavorable presumption infects the defendants' case on their plea. The bill sets forth a clear case for partition. The

plea must exhibit a case in which the court must construe the will in such a way as to deny the complainants their right to a partition of this land when their bill was filed.

2. It is argued on behalf of the defendants that the five daughters are tenants in common of a particular estate, while they all have in common the remainder in fee, and that there can be no partition among tenants in common in remainder unless all the tenants of the particular estate consent thereto.

It is also argued on behalf of the defendants that to permit partition of this homestead farm at the present time, would be to defeat the plainly-expressed testator's intention that there should be no sale of the homestead farm so long as the testator's wife or daughters required or needed the same for a home, the plea alleging expressly that the three daughters, who are the defendants, "do require and need the said homestead property * * * for a home."

The argument on behalf of the complainants is that the testator's direction, undertaking to restrain for a period, described the sale of this land which he has devised to his daughters in fee, is an invalid attempt to restrain alienation—a futile effort, such as testators, who are not well advised in making their wills, frequently make to control after their death the property which they have devised or bequeathed absolutely in their wills.

In determining which of these conflicting views is correct, the meagreness of the allegations of the plea is significant. In construing the force of this clause set up in the plea, and to which the plea attributes such great force and effect in this case, it would seem that all the facts and circumstances as they existed when the will was made, may be assumed to be most unfavorable to the defendants' contention. Likewise, as stated above, the order of the clauses in the will must be deemed to be that which is less favorable to the defendants' claim.

The case on this plea, like large numbers of cases on pleas and demurrers, may be purely an academic case. It may be that if this whole will had been submitted to the court, and all the facts and circumstances exhibited which surrounded the testator when he made it, a different construction would be placed upon the

clause which the defendants set up in their plea from that which now should be put thereon.

My strong impression, as the case stands before me, is that the complainants' contention is correct, and that the clause which the plea sets up in bar of partition is a mere nugatory direction, undertaking to impose a limitation upon the absolute ownership of property which is repugnant to this devise in fee. Inasmuch, however, as this case may come before this court again, in such a way as to require a construction of the clause in question, when the court will be in possession of the whole will, and all the evidence competent to aid in the construction thereof, 1 follow a safe general rule in refraining from deciding a point like the one under consideration if the case may properly be decided upon other grounds.

3. Assuming that the construction of the clause set up in the plea insisted upon by counsel for the defendants is correct, it must be observed that that clause does not in terms prohibit the actual partition of the property. The direction is that "the homestead property be not sold so long," &c. This bill is not necessarily filed to procure a sale of the homestead farm, although an alternative prayer for such sale is made in the form common to partition bills. The bill prays, first, "that a fair partition and division" of the land be made "if the same be practicable and consistent with the rights of all the parties interested therein among" the five owners.

Whether or not this restraint upon the sale of the land, if legally effective, necessarily includes restraint upon actual partition, was a matter not suggested or in any way argued. For the same reasons, indicated above, growing out of the meagre exhibition of the facts ordinarily necessary for the construction of a will like this, and for the further reason that the point was not argued, I pass the same without consideration.

4. Again, assuming that the construction contended for by counsel for the defendants is correct, I feel constrained to sustain the contention on behalf of the complainant that at most the sale of the farm is restrained only so long as all the testator's daughters require or need the same for a home. The plea merely

alleges that the defendants, who are only three daughters, "require and need" this homestead property "for a home."

Referring to the familiar rule that this will, of which we have only two portions, severed from their context and not exhibited in their relation to each other in the will, must be construed in the light of the facts and circumstances and conditions which existed within the purview of the testator when he made this will, about which facts, circumstances and conditions we are informed very little in these pleadings, we find that when the will was made the testator's wife was living as well as these five daughters. Where they were living, and whether they were living together, we do not know. The testator provides, or undertakes to provide, that while his wife and his five daughters are to take this homestead farm as tenants in common in fee, and expressly recognizes that they are to have full power to sell and convey the same, nevertheless, they shall not sell the farm so long as his wife or his daughters require or need the same for a home. Here is a perfectly clear alternative. The grammatical and common sense interpretation of this intended direction puts the widow in a class by herself and the five daughters in a class by themselves. If the daughters were living with their parents on this homestead farm, the first idea of the testator would naturally be to preserve the homestead farm for his wife for a home if she so desired, and after that, probably after her decease, in case all the daughters continued to live together on the farm, then to continue the prohibition upon sale. The argument on behalf of the defendants, I think, is infected by the vice of assuming that we must construe the clause as if after the word "daughters" there must be supplied by implication the phrase "or any one of them." The testator must have foreseen that the marriage of his daughters, and the birth to them of children, would necessarily modify the conditions of his family as they existed when he was making his will. For all the daughters to live continuously together for an indefinite period after the testator's decease, might be utterly impracticable. Provisions like the one under consideration, whether lawful and capable of enforcement or not, very generally have in view the use of a testator's home as a residence for his family while they see fit to remain together.

My conclusion is, that if the clause of the will set up in the plea is to be construed in all respects in accordance with the argument on behalf of the defendants, the plea is bad because it merely alleges that three out of these five daughters "require and need the said homestead property * * * for a home," and therefore an order will be advised overruling the plea.